IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JIMMY ANTHONY COX, SR.,<br># 097909440, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:25-cv-00935 |
| | ) | |
| v. | ) | Judge Trauger |
| | ) | Magistrate Judge Holmes |
| MIKE VAN DYKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jimmy Anthony Cox, Sr., an inmate of the Whiteville Correctional Facility, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). Plaintiff also has filed three Applications for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. Nos. 9, 18, 24), Motion to Pull Body Camera (Doc. No. 10), Motion to Get Immediate Medical Care (Doc. No. 11), Motion to Add Witness (Doc. No. 12), Motion to Add (Doc. No. 13), "Motion for Immediate Owen Reconnaissance Bond" (Doc. No. 14), five letters (Doc. Nos. 15, 27, 29, 30, 31), Motion for Removal (Doc. No. 17), Motion/Request[1] (Doc. No. 19), "Supplement/New Evidence/Old Evidence" (Doc. No. 21), "Notice/New Evidence/Letter" (Doc. No. 22), "Supplement/Pleading/Copy" (Doc. No. 23), "Seizer Notice" (Doc. No. 25), and Motion (Doc. No. 28).

By Order entered on August 20, 2025, the court informed Plaintiff that, to proceed with this action, he must (1) sign and return the complaint and (2) resolve the matter of the filing fee within 30 days. (Doc. No. 8). Plaintiff subsequently requested (Doc. No. 16) and received (Doc.

---

[1] Some of Plaintiff's filings lack descriptive titles. (*See e.g.*, Doc. Nos. 19 and 28).

1

No. 26) an extension of time to do the latter, but Plaintiff still has not submitted a signed complaint. However, Plaintiff has submitted numerous filings that reflect his desire to prosecute this case. Plaintiff also has requested assistance from the court with following court procedure and rules. The court does not find it appropriate to dismiss Plaintiff's case at this time. The court will begin with the filing fee.

## I. FILING FEE

The court finds that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 24) is **GRANTED**. His previously filed IFP Applications (Doc. Nos. 9, 18) are **DENIED AS MOOT**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in

2

the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the administrator of inmate trust fund accounts at the Whiteville Correctional Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTIONS, SUPPLEMENTS, AND LETTERS

The court moves now to the many other filings by Plaintiff.

Beginning with Plaintiff's Motion to Pull Body Camera footage (Doc. No. 10), any motions for discovery are premature at this time. Discovery cannot commence until after the court screens the complaint pursuant to the Prison Litigation Reform Act ("PLRA") and determines that Plaintiff has stated at least one viable claim. The court cannot screen the complaint yet because it is not signed. This motion will be denied without prejudice.

To the extent Plaintiff's Motion to Get Immediate Medical Care (Doc. No. 11) and motion requesting to be brought before the undersigned (Doc. No. 28) request emergency relief, these

3

motions do not comply with the rules for seeking a temporary restraining order and thus cannot be considered as such. The motions will be denied without prejudice.

Plaintiff's "Motion for Immediate Owen Reconnaissance Bond" (Doc. No. 14) requests an "owen [sic] recognizance bond" or placement in witness protection. (Doc. No. 14 at 5). Plaintiff, however, cannot use this lawsuit to obtain an own recognizance ("OR") bond or secure his release from prison. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U .S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff's request to be released from custody directly challenges his continued confinement. This request is barred by *Heck* and its progeny. Plaintiff's concerns regarding the constitutionality of his continued confinement would be more appropriately brought in a separate

petition for writ of habeas corpus, not in a civil rights complaint. The motion (Doc. No. 14) will be denied.

Plaintiff's Motion for Removal from his current facility (Doc. No. 17) will be denied as moot because, after he filed the motion, he was transferred to another facility.

In his "Motion/Request" (Doc. No. 19), Plaintiff asks the court for two blank prisoner civil rights forms and resources to assist him with filing pro se lawsuits concerning the conditions of his confinement. The motion will be granted.

Plaintiff is advised that he cannot litigate this action or any action in this court by way of supplements, notices, and/or letters to the court. Even though Plaintiff is proceeding pro se and the court will take into consideration his pro se status when evaluating pleadings and pending motions, Plaintiff still is required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. If Plaintiff wishes for the court to consider arguments and evidence, he must raise them by way of timely and properly filed motions such as a motion to amend the complaint. *See Wilson v. United States*, No. 3:18-CV-00735, 2021 WL 1088178, at *8 (M.D. Tenn. Mar. 22, 2021) (quoting *Gould v. California Dep't of Corr. & Rehab.*, No. 19-CV-00015-HSG, 2019 WL 2059660, at *3 (N.D. Cal. May 9, 2019)) (finding petitioner's supplement a "nullity" because petitioner did not cite any authority for his ability to unilaterally add new claims in separate filings; "litigants may not plead their claims 'in a piecemeal fashion by filing separate documents that are intended to be read together,' but must file a single pleading 'that is complete within itself.'")).

It appears from Plaintiff's many filings that he wishes to add Defendants and claims to this action, which he can do by way of an amended complaint rather than by supplements and letters. As per Local Rule 15.01(a), a motion to amend a pleading must "describe the reasons supporting the proposed amendments and the substance of the amendments sought, and include as an

5

appended exhibit the signed proposed amended pleading." *Id*. Additionally, amended pleadings "must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." Local Rule 15.01(b). Thus, to the extent Plaintiff's motions request permission to file an amended complaint, those motions will be granted.

### III. CONCLUSION

For the reasons explained herein, Plaintiff's Motion to Pull Body Camera footage (Doc. No. 10) is **DENIED WITHOUT PREJUDICE** as premature.

Plaintiff's Motion to Get Immediate Medical Care (Doc. No. 11) and motion requesting to be brought before the undersigned (Doc. No. 28) are **DENIED WITHOUT PREJUDICE**.

Plaintiff's "Motion for Immediate Owen Reconnaissance Bond" (Doc. No. 14) is **DENIED**.

Plaintiff's Motion for Removal (Doc. No. 17) requesting a court order transferring him to a different facility is **DENIED AS MOOT**.

Plaintiff's Motion/Request for forms and legal resources (Doc. No. 19) is **GRANTED**. The Clerk is **DIRECTED** to mail Plaintiff two blank prisoner civil rights complaint forms and a black and white unbound copy of the court's Pro Se Handbook for Prisoner Civil Rights Actions.

Plaintiff's Motion to Add Witness (Doc. No. 12) and Motion to Add (Doc. No. 13) are **GRANTED** insofar as the court will permit Plaintiff to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. The amended complaint must be filed no later than 30 days after entry of this Order.

The amended complaint must contain all allegations, claims, and defendants, and should not incorporate the original complaint by reference. In other words, the court will not piece

6

together claims and defendants from multiple documents (such as Plaintiff's supplements, attachments to the complaint, and letters) to assemble an amended complaint.

Plaintiff is encouraged to use the form complaint provided by the court. Rarely are additional pages necessary. Plaintiff is not required to provide evidence in support of his allegations in the complaint when filing the amended complaint. The form provided by the court will enable Plaintiff to provide the information, and only the information, the court needs to review his claims.

Plaintiff has inundated the court with numerous filings in this and other cases before the court. Plaintiff is advised that filing multiple duplicative filings will result in the slower progression of his cases.

Upon receipt of a timely signed amended complaint, the court will screen the amended complaint pursuant to the Prison Litigation Reform Act. If Plaintiff fails to submit a timely signed complaint or amended complaint, this case will be dismissed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge